United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEANNA HALVORSEN,

Plaintiff,

v.

CITY OF PETALUMA, et al.,

Defendants.

Case No. 26-cv-04064-HSG

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITH LEAVE TO AMEND, DENYING REQUESTS FOR INJUNCTIVE RELIEF**

Re: Dkt. Nos. 2, 3, 9, 10

Plaintiff, who is currently housed at Napa State Hospital, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Her complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915e(2). For the reasons set forth below, the Court DISMISSES the complaint with leave to amend; GRANTS the request to proceed *in forma pauperis*, Dkt. No. 9; and DENIES the requests for injunctive relief, Dkt. Nos. 2, 3, 10.

**DISCUSSION**

**I.     Granting Leave to Proceed *In Forma Pauperis* (Dkt. No. 9)**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Having reviewed Plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 9, the Court finds that Plaintiff is unable to pay the full amount of fees, costs or give security. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). The Court therefore GRANTS Plaintiff's request to proceed *in forma pauperis*. Dkt. No. 9.

## II.    Screening Complaint

### A.    Standard of Review

Section 1915(e)(2) requires the Court to screen *in forma pauperis* proceedings to determine if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the action "fails to state a claim on which relief may be granted," it must dismiss the case. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Fed. R. Civ. P. 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke*

2

*v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  The Supreme Court has held that because 28 U.S.C. § 1915 gives courts the authority to pierce the veil of a complaint's factual allegations, a court is not bound to accept without question the truth of the plaintiff's allegations in that a court may dismiss a claim as factually frivolous when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### B. Complaint (Dkt. No. 1)

On May 5, 2026, the Court docketed a 7-page pleading received from Plaintiff.  Dkt. No. 1.  The pleading is titled "City of Petaluma Claim Form."  Plaintiff lists multiple causes of action on this pleading: terrorism, false arrest, false imprisonment, assault, assault with great bodily injury, perjury, kidnapping, criminal invasion of privacy, criminal conspiracy, stalking, battery, slander, libel, fraud, postal fraud, wire tampering, wire hacking, computer intrusion (hacking), espionage, wrongful death homicide, attempted homicide, hostage taking to avoid prosecution, intentional infliction of emotional distress, civil rights violations, negligence, Tom Bane Civil Rights Acts violations, conversion, conversion (civil rights), HIPPA violations, evidence tampering, destruction of evidence, embezzlement (trust fund), and witness intimidation.  Plaintiff also states that she is appealing and amending *Halvorsen v. City of Petaluma*, which she states was filed in 1982 and accepted in 2012.  Plaintiff alleges violations of a 1984 agreement/contract that was reached in the Northern District of California.  Plaintiff then proceeds to detail various incidents from 2019-2025 where she was allegedly mistreated, stalked, sexually assaulted, chased, stabbed, shoved, falsely accused, falsely imprisoned, injected with morphine, and more.  She also alleges that Petaluma city officials were responsible for, or involved in, the mistreatment, kidnapping, and/or death of her family members and witnesses; and that they stole her property, including phones, computers, cars, a three-carat diamond ring, and dos mil pesos paper currency. The pleading does not specify the relief sought but merely states that damages are unlimited and seeks the return of Harold Halvorsen's truck.  *See generally* Dkt. No. 1.

//

3

**C.     Dismissal of Complaint with Leave to Amend**

The Court DISMISSES the complaint for failure to comply with Fed. R. Civ. P. 8. Plaintiff's complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action . . ." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026). The complaint is rambling and hard to follow, making it difficult to ascertain what supposedly happened and what relief Plaintiff is seeking. The Ninth Circuit has identified such complaints as shotgun pleadings and instructed district courts that there is "no need to accept such pleadings" as it "is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Id.* at 1289. The problem with shotgun pleadings and Plaintiff's complaint is that they fail to comply with Fed. R. Civ. Proc. 8's requirements that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief" and that each allegation in the complaint be "simple, concise, and direct." Fed. R. Civ. P. 8. The failure to comply with Rule 8 is a basis for dismissal regardless of whether the complaint has merit. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Accordingly, even claims which are not on their face subject to dismissal under Fed. R. Civ. P. 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* Plaintiff's *pro se* status does not relieve her of the obligation to follow the pleading rules. *Hart v. U.S. Dep't of Lab.*, No. 26-CV-02840-TSH, 2026 WL 915169, at *2 (N.D. Cal. Apr. 3, 2026).

The complaint suffers from additional deficiencies which also require dismissal of the complaint. The basis of Plaintiff's complaint is that there is a wide-ranging, longstanding conspiracy of the Petaluma Police Department targeting her and her extended family, which has resulted in the death of family members, theft, sexual assault, kidnapping, etc. These factual allegations are far-fetched and irrational. The complaint also does not identify any federal law or constitutional provision that has been violated other than the Health Information Privacy and Protection Act ("HIPPA"). And to the extent that Plaintiff is seeking to appeal orders or judgments in other cases, she should file the appeal in the case she seeks to appeal. The Court has been unable to locate the 1982, 1984, and 2017 cases that Plaintiff claims to have filed in this

district against the City of Petaluma.

In the interests of justice, the Court GRANTS Plaintiff leave to file an amended complaint to state cognizable claims. *See Lopez*, 203 F.3d at 1130 (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In preparing an amended complaint, Plaintiff should use the form complaint. The form complaint may assist Plaintiff in remedying some of the deficiencies identified above.

### III.    Requests for Injunctive Relief (Dkt. Nos. 2, 3, 10)

Plaintiff has filed three requests for injunctive relief. Dkt. Nos. 2, 3, 10. In Dkt. No. 2, Plaintiff requests an emergency injunction on behalf of herself, the Trust of Halvorsen, Johnson, minor children, and Harold Halvorsen against the Petaluma Police Department and Sonoma County. She requests an injunction to prevent the following: harassment/intimidation, sharing/unauthorized reproduction of depositions transcripts and court documents, further actions that harm victims, malicious prosecution/repeating events, and sharing information with news outlets. She also requests an order that the "property described" be returned; that she be appointed counsel to handle the injunction request; and a fee waiver. Dkt. No. 2. In Dkt. No. 3, Plaintiff requests an emergency injunction on behalf of herself, the Trust of Halvorsen, and Harold Halvorsen for the return of the following property: a blue Chevy that was registered to Harold Halvorsen in 2000, a silver BMW registered to Plaintiff in 2013, a Chevy Bounder RV/motorhome with the license plate of either 7XHU782 or 4NUJ782, a 3 carat diamond ring, cellular devices or computers, any documents/court depositions in the possession of the City of Petaluma or Sonoma County, and any and all items belonging to Harold Halvorsen, Leanna Halvorsen, or the Trust of Halverson. Dkt. No. 3. In Dkt. No. 10, Plaintiff requests an emergency injunction against the Petaluma Police Department and Sonoma County to prevent harassment or intimidation, malicious prosecution, sharing/unauthorized reproduction of depositions transcripts and court documents, destruction of evidence, and further actions that cause harm to victims; and the appointment of counsel to handle the injunction request and related relocation fees. Dkt. No. 10.

The Court DISMISSES Plaintiff's requests for injunctive relief. Plaintiff has not met the

United States District Court
Northern District of California

5

requirements set forth in Fed. R. Civ. P. 65(b) for an *ex parte* temporary restraining order. Fed. R. Civ. P. 65(b) allows for granting a temporary restraining order ("TRO") without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). The complaint does not state a claim for relief. Plaintiff has therefore failed to show that she will suffer immediate and irreparable injury, loss, or damage if the injunctive relief sought is not granted before the adverse party can be heard in opposition. In addition, Fed. R. Civ. P. 65(d) provides that an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). Currently there is no operative complaint, and no defendant has been served. The Court currently has no jurisdiction over the persons to whom the injunction is directed.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows.

1.      The Court GRANTS Plaintiff's request to proceed *in forma pauperis*. Dkt. No. 9.

2.      The Court DISMISSES Plaintiff's request for injunctive relief. Dkt. Nos. 3, 2, 10.

3.      The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 26-cv-04064 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all the defendants she wishes to sue. Plaintiff may not incorporate material from the prior

United States District Court
Northern District of California

complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action for failure to state a claim without further notice to Plaintiff.  The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

This order terminates Dkt. Nos. 2, 3, 9, 10.

**IT IS SO ORDERED.**

Dated:   6/2/2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

7